NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**CORDIS CORPORATION,**
*Plaintiff-Appellant*

v.

**UNITED STATES PATENT AND TRADEMARK OFFICE, MICHELLE K. LEE, Director, U.S. Patent and Trademark Office,**
*Defendants-Appellees*

v.

**ABBOTT LABORATORIES,**
*Defendant-Cross-Appellant*

2015-1371, -1445

Appeals from the United States District Court for the Eastern District of Virginia in No. 1:12-cv-00075-AJT-IDD, Judge Anthony J. Trenga.

---

**CORDIS CORPORATION, a Johnson & Johnson Co.,**
*Appellant*

v.

**BOSTON SCIENTIFIC SCIMED, ABBOTT**

LABORATORIES,
*Appellees*

2015-1696

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 95/000,542 and 95/000,552.

**ON MOTION**

Before O'MALLEY, *Circuit Judge*.

**O R D E R**

Cordis Corporation moves to stay 2015-1696 pending resolution of 2015-1371, -1445. Boston Scientific SciMed and Abbott Laboratories oppose the motion.

In 2009, Cordis alleged patent infringement against Boston Scientific and Abbott Labs (the "defendants"). In 2010, the United States Patent and Trademark Office initiated *inter partes* reexaminations of the asserted patents. In response, the district court stayed the patent litigation.

In the course of the reexaminations, Cordis petitioned the PTO to authorize subpoenas ordering the defendants to produce documents relating to secondary considerations, which the PTO denied.* Cordis challenged the PTO's decision in a district court action pursuant to the

---

* A district court also quashed Cordis's subpoenas, which this court affirmed on appeal. *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1319–20 (Fed. Cir. 2013).

Administrative Procedure Act. Ultimately, the district court dismissed Cordis's APA action for lack of subject matter jurisdiction. That decision is on appeal in 15-1371 (the "APA Appeal"). Briefing is anticipated to be completed near the end of August 2015.

In the reexaminations, the PTO rejected the relevant claims of the patents as obvious, precipitating this appeal. Cordis's opening brief is due August 17, 2015.

## DISCUSSION

Cordis argues that this appeal should be stayed pending resolution of the APA Appeal. Cordis argues the stay is needed so that the patentability of its claims can be decided after the court determines whether Cordis should be able to supplement the record with discovery from the defendants as to secondary considerations. The defendants respond that a stay results not in efficiency but an indeterminate delay of these reexamination proceedings.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay proceedings is a matter of discretion, calling upon a court to "weigh competing interests and maintain an even balance." *Id.* at 254–55. In balancing these considerations, we deem it the better course to deny Cordis's motion for a stay and to treat this appeal and the APA Appeal as companion cases assigned to the same merits panel. That panel will be in the proper position to determine whether the outcome of the APA Appeal would justify any delay in the resolution of this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to stay is denied.

    (2) Appeals 2015-1371, -1445 and 2015-1696 shall be considered companions and assigned to the same merits panel. A copy of this order shall be transmitted to the merits panel assigned to hear these appeals.

    (3) The briefing schedules of the appeals are unchanged.

> FOR THE COURT
>
> /s/ Daniel E. O'Toole
> Daniel E. O'Toole
> Clerk of Court

s31